1 | Jeremy T. Naftel, State Bar No. 185215
jnaftel@cdflaborlaw.com
2 | Nicole A. Legrottaglie, State Bar No. 271416
nlegrottaglie@cdflaborlaw.com
3 | Teresa W. Ghali, State Bar No. 252961
tghali@cdflaborlaw.com
4 | CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue
5 | Suite 200
Sacramento, California 95825
6 | Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958
7 |
8 | Attorneys for Defendant
FEDEX SUPPLY CHAIN, INC. erroneously sued as
GENCO I, INC.
9 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAN ORTIZ, on behalf of himself, all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>GENCO 1, INC. a Delaware corporation and ; and DOES 1 to 100, inclusive,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  3:17-cv-3692<br><br>[Removed from Alameda County Superior Court Case No. RG17861054]<br><br>**DEFENDANT GENCO 1, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION BASED ON FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. sections 1331, 1441, and 1446**<br><br>Action Filed:   May 19, 2017 |

TO CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Genco, 1, Inc. hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446(a) that it has removed a claim pending in the Superior Court of the State of California for the County of Alameda, Case No. RG17861054.  The following is a short and plain statement of the grounds for removal and a listing of the pleadings to date:

1.      On May 19, 2017, Plaintiff Adnan Ortiz filed an action in the Superior Court of the State of California for the County of Alameda, entitled, *Adan Ortiz v. Genco 1, Inc.,* Case No. G17861054.  A copy of the summons and complaint are attached to this Notice of Removal as Exhibit A.

2.      Defendant first received a copy of said complaint via email on May 31, 2017. Accordingly, this notice is timely under 28 U.S.C. § 1446(b).

3.      On June 23, 2017, Defendant voluntarily appeared and filed its Answer to Plaintiff's Complaint, a copy of which is attached as Exhibit B.

4.      On June 9, 2017, Plaintiff filed its Notice of Complex Determination Hearing and Case Management Conference, a copy of which is attached as Exhibit C.

5.      The documents attached as Exhibit A, B, and C constitute all process, pleadings, and orders filed and served by or upon Defendant in the state court action.

6.      **Federal Question Jurisdiction.**  This Court has original jurisdiction over this action under 28 U.S.C. § 1331, because federal question jurisdiction exists under 28 U.S.C. § 1441(a) in that Plaintiff's claims arise under the federal Fair Credit and Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681, *et seq*.

7.      Removal of this action to the Oakland Division of the United States District Court for the Northern District of California is appropriate because the removed state court action was filed in Alameda County Superior Court.   Plaintiff has two other related actions against Defendant pending before Judge Yvonne Gonzalez Rogers in the same court.  *See Ortiz v. Genco I, Inc. et al,* Case No. 16-cv-04601-YGR, and *Ortiz v. Volt Management Corp. eta al,* Case No. 4:16-cv-07096-

DEFENDANT'S NOTICE OF REMOVAL

1  YGR (in which Defendant is one of two named defendants).

2      8.    Pursuant to 28 U.S.C. § 1446(b), Defendant will promptly serve its Notice to Plaintiff

3  Adan Ortiz of Removal to Federal Court and will file that Notice with the Superior Court of the

4  State of California for the County of Alameda.

5      WHEREFORE, Defendant removes the original action brought by Plaintiff, now pending in

6  the Superior Court of the State of California for the County of Alameda, from that State Court to

7  this Court.

8

9

10  Dated:  June 28, 2017                CAROTHERS DISANTE & FREUDENBERGER LLP

11

12                                      By:  */s/ Nicole A. Legrottaglie*
                                             _____
13                                               Nicole A. Legrottaglie
                                             Attorneys for Defendant
14                                           FEDEX SUPPLY CHAIN, INC. erroneously sued as GENCO
                                             I, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                                    DEFENDANT'S NOTICE OF REMOVAL

1223187.1

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENCO 1, INC., a Delaware corporation; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADAN ORTIZ, on behalf of himself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

May 19, 2017

CLERK OF
THE SUPERIOR COURT

By Lynn Wiley, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
**RG17861054**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771.

DATE: May 19, 2017
*(Fecha)*    Clerk, by *Lynn Wiley, digital* , Deputy
*(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**FILED BY FAX**
ALAMEDA COUNTY

May 19, 2017

CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

CASE NUMBER:
**RG17861054**

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
ADAN ORTIZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ADAN ORTIZ, on behalf of himself, all others similarly situated, <br><br> *Plaintiff,* <br><br> vs. <br><br> GENCO 1, INC., a Delaware corporation and ; and DOES 1 to 100, inclusive, <br><br> *Defendants.* | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); <br> 2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); <br> 3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act) <br> 4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act) <br> 5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); <br><br> **JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff Adan Ortiz (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against defendant GENCO 1, INC. ("GENCO"), a Delaware corporation; and DOES 1-100, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.    Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

4.    Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately March 2015 through October 2015.

5.    Defendant GENCO is a corporation organized and existing under the laws of Delaware and operates in the State of California.

6.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE

*Ortiz v. Genco 1, Inc.*                                                    Class Action Complaint

1   prior to the filing of this action and ending on the date that final judgment is entered in this

2   action.

3         11.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

4   right to amend or modify the class definitions with greater specificity, by further division into

5   subclasses and/or by limitation to particular issues.

6         12.    **Numerosity:** The class members are so numerous that the individual joinder of

7   each individual class member is impractical. While Plaintiff does not currently know the exact

8   number of class members, Plaintiff is informed and believes that the actual number exceeds the

9   minimum required for numerosity under California law.

10        13.    **Commonality and Predominance:** Common questions of law and fact exist as

11   to all class members and predominate over any questions which affect only individual class

12   members. These questions include, but are not limited to:

13               A.    Whether Defendants failed to comply with the requirements of 15 U.S.C

14                  7001 section 101(c)(1)?

15              B.    Wherein Defendants willfully failed to provide the class with stand-alone

16                  written disclosures before obtaining a credit or background report in

17                  compliance with the statutory mandates?

18              C.    Whether Defendants willfully failed to identify the name, address,

19                  telephone number, and/or website of the investigative consumer reporting

20                  agency conducting the investigation?

21              D.    Whether Defendants willfully failed to identify the source of the credit

22                  report to be performed?

23              E.    Wherein Defendants willfully failed to comply with the FCRA, ICRAA

24                  and/or the CRAA?

25         14.    **Typicality:** Plaintiff's claims are typical of the other class members' claims.

26   Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or

27   a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and

28   CCRAA as alleged herein.

---

*Ortiz v. Genco 1, Inc.*                                          Class Action Complaint

1  defendants when ascertained.

2      7.      Plaintiff is informed and believes and thereon alleges that, at all relevant times

3  herein, all Defendants were the agents, employees and/or servants, masters or employers of the

4  remaining defendants, and in doing the things hereinafter alleged, were acting within the course

5  and scope of such agency or employment, and with the approval and ratification of each of the

6  other Defendants.

7      8.      Plaintiff alleges that each and every one of the acts and omissions alleged herein

8  were performed by, and/or attributable to, all Defendants, each acting as agents and/or

9  employees, and/or under the direction and control of each of the other defendants, and that said

10 acts and failures to act were within the course and scope of said agency, employment and/or

11 direction and control.

12                                    **CLASS ALLEGATIONS**

13     9.      This action has been brought and may be maintained as a class action pursuant to

14 California Code of Civil Procedure § 382 because there is a well-defined community of interest

15 among the persons who comprise the readily ascertainable classes defined below and because

16 Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class

17 action.

18     10.     **Class Definitions:** The classes are defined as follows:

19         A.      **FCRA Class:** All of Defendants' current, former and prospective

20 applicants for employment in the United States who applied for a job with Defendants at any

21 time during the period for which a background check was performed beginning five years prior

22 to the filing of this action and ending on the date that final judgment is entered in this action.

23         B.      **ICRAA Class:** All of Defendant's current, former, and prospective

24 applicants for employment in California, at any time during the period beginning five years

25 prior to the filing of this action and ending on the date that final judgment is entered into this

26 action.

27         C.      **CCRAA Class:** All of Defendant's current, former, and prospective

28 applicants for employment in California, at any time during the period beginning seven years

15.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

16.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

17.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.    When Plaintiff applied for employment with Defendants, Defendants required him to fill out a one-page "Authorization to Conduct Employment Background Investigation" ("Disclosure").

19.    The Disclosure states, in pertinent part:

> I hereby authorize Justifacts Credential Verification, Inc., an Agent
> for **GENCO** to ascertain information regarding my background to
> determine any and all information of concern to my record,
> whether same is of record or not, and I release employers and
> persons named in my application from all liability for any damages
> on account of his/her furnishing said information. I understand
> that this form indicates that a background search will be conducted

---

*Ortiz v. Genco 1, Inc.*                                                                    Class Action Complaint

1

2

3

4

5

6

7

8

and that this is my notification of that intent. I understand that the purpose of this background investigation is to determine my suitability for employment and may elicit information on my character, general reputation, personal characteristics and mode of living. Additionally, you are hereby authorized to make any investigation of my personal history, educational background, military record, motor vehicle records, criminal records and credit history through an investigative or credit agency or bureau of your choice. I authorize the release of this information by the appropriate agencies to the investigating service. I understand that my consent will apply throughout my employment, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time, stating that I revoke my consent and no longer allow the Company to obtain consumer or investigative consumer reports about me.

9

**\*\*\* MAY WE CONTACT YOUR CURRENT EMPLOYER?**

10

**YES \_\_\_ NO \_\_\_**

11

**\*\*\* HAVE YOU EVER BEEN CONVICTED OF A CRIME?**

12

**YES \_\_\_ NO \_\_\_**

13

If yes, please explain: _____

14

_____

15

16

17

18

**Notice to California Applicants** – You may omit minor traffic offenses, any convictions which have been sealed, expunged or statutorily eradicated, convictions more than two years old for the following marijuana related offenses: HS11357b&c, HS11360c, HS11364, HS11365, HS11550, and misdemeanors for which probation was completed and the case was judicially dismissed.

19

20

21

22

23

24

25

**Notice to Massachusetts Applicants:** You may omit a first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace, or any conviction of a misdemeanor where the date of such conviction or the completion of any period of incarceration resulting there from, whichever date is later, occurred five or more years prior to the date of this application for employment, unless you have been convicted of any offense within five years immediately preceding the date of this application for employment.
***Note:*** *No applicant will be denied employment solely on the grounds of conviction of a crime. The nature of the offense, the date of the offense, the surrounding circumstances and the relevance of the offense to the position will be considered.*

26

**SIGNATURE:** _____ **DATE:** _____

27

28

**California Applicants:** Under Section 1786.22 of the California Civil Code, you have the right to request from Justifacts (**5250 Logan Ferry Rd, Murrysville PA 15626 – 800-356-6885, www.justifacts.com**), upon proper identification, the nature and substance of all information in its files on you, including the

*Ortiz v. Genco 1, Inc.*                                                    Class Action Complaint

sources of information, and the recipients of any reports on you to whom Justifacts has previously furnished within the three-year period preceding your request. Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows: (1) In-person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided, (2) By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addressee, (3) A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

☐ **California, Minnesota & Oklahoma Applicants Only: Please check this box if you would like a copy of the background check mailed to you.** Minnesota and Oklahoma applicants will receive a copy direct from Justifacts or its designee. California applicants may receive a copy from either the prospective employer or Justifacts.

**NOTICE:** Under federal law, you have the right to request disclosure of the nature and scope of our investigation by providing us with a written request within 60 days of our background investigation.

Subscriber certifies that consumer credit information, consumer reports, as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"), will be ordered only when intended to be used as a factor in establishing a consumer's eligibility for employment and that consumer credit information will be used for no other purposes. It is recognized and understood that the FCRA provides that anyone "who knowingly and willfully obtains information on a consumer from a consumer reporting agency" (such as Justifacts) "under false pretenses shall be fined not more than $2,500 or imprisoned not more than two years or both."

20.    The Disclosure contained extraneous and superfluous language that does not

consist solely of the disclosure as required by federal and state laws.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681b(b)(2)(A))

## (By Plaintiff and the FCRA Class against all Defendants)

21.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

22.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

23.    Plaintiff and class members are "consumers" within the meaning Section

*Ortiz v. Genco 1, Inc.*                                                    Class Action Complaint

1681a(c) of the FCRA, because they are "individuals."

24.  Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer
> reporting agency bearing on a consumer's credit worthiness, credit
> standing, credit capacity, character, general reputation, personal
> characteristics, or mode of living which is used or expected to be used or
> collected in whole or in part for the purpose of serving as a factor in
> establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

25.  Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's
> character, general reputation, personal characteristics, or mode of living is
> obtained through personal interviews with neighbors, friends, or associates
> of the consumer reported on or with whom he is acquainted or who may
> have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

26.  Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
>   (A) In general
>
>   Except as provided in subparagraph (B), a person may not procure a
>   consumer report, or cause a consumer report to be procured, for
>   employment purposes with respect to any consumer, unless—
>
>     i.  a *clear and conspicuous* disclosure has been made in writing to
>         the consumer at any time before the report is procured or caused
>         to be procured, in a document that *consists solely of the
>         disclosure*, that a consumer report may be obtained for
>         employment purposes; and
>
>     ii. the consumer has authorized in writing (which authorization may
>         be made on the document referred to in clause (i)) the
>         procurement of the report by that person. (Emphasis Added).

27.  Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be

made in writing.

28.  Because Defendant's disclosures do not meet the requirement of Section

101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

29.  As described above, Plaintiff alleges, on information and belief, that in

evaluating her and other class members for employment, Defendants procured or caused to be

1  prepared credit and background reports (i.e., a consumer report and/or investigative consumer

2  report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

3      30.      The purported disclosures do not meet the requirements under the law because

4  they are embedded with extraneous information, and are not clear and unambiguous disclosures

5  in stand-alone documents.

6      31.      Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

7  report or investigative consumer report for employment purposes unless the disclosure is made

8  in a document that consists solely of the disclosure and the consumer has authorized, in writing,

9  the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release and

10  other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

11      32.      Although the disclosure and the authorization may be combined in a single

12  document, the Federal Trade Commission ("FTC") has warned that the form should not include

13  any extraneous information or be part of another document. For example, in response to an

14  inquiry as to whether the disclosure may be set forth within an application for employment or

15  whether it must be included in a separate document, the FTC stated:

16          The disclosure may not be part of an employment application because the
          language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears
17          conspicuously in a document not encumbered by any other information. The
          reason for requiring that the disclosure be in a stand-alone document is to prevent
18          consumers from being distracted by other information side-by-side within the
          disclosure.

19

20      33.      The plain language of the statute also clearly indicates that the inclusion of a

21  liability release in a disclosure form violates the disclosure and authorization requirements of

22  the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC

23  expressly has warned that the FCRA notice may not include extraneous information such as a

24  release. In a 1998 opinion letter, the FTC stated:

25          [W]e note that your draft disclosure includes a waiver by the consumer of his or her
          rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate
26          Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of
          the disclosure that a consumer report may be obtained for employment purposes.

27      34.      In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C

28  § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request

*Ortiz v. Genco 1, Inc.*                                                                    Class Action Complaint

1    for a consumer's waiver of his or her rights under the FCRA."

2        35.    By including a release and other extraneous information, Defendants willfully

3    disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

4    Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear

5    and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

6        36.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was

7    and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the

8    rights of applicants and employees, including Plaintiff and class members. Defendants' willful

9    conduct is reflected by, among other things, the following facts:

10        (a)    Defendants are a large corporation with access to legal advice;

11        (b)    Defendants required a purported authorization to perform credit and

12    background checks in the process of employing the class members which, although defective,

13    evidences Defendants' awareness of and willful failure to follow the governing laws concerning

14    such authorizations;

15        (c)    The plain language of the statute unambiguously indicates that inclusion

16    of a liability release and other extraneous information in a disclosure form violates the

17    disclosure and authorization requirements; and

18        (d)    The FTC's express statements, pre-dating Defendants' conduct, which

19    state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in

20    the FCRA disclosure form.

21        37.    Defendants required a liability release, in the disclosure form, along with other

22    extraneous information, that releases all parties involved from any liability and responsibility

23    for releasing information they have about the Plaintiff to Defendants.

24        38.    Based upon the facts likely to have evidentiary support after a reasonable

25    opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a

26    policy and practice of procuring investigative consumer reports or causing investigative

27    consumer reports to be procured for applicants and employees without informing such

28    applicants of their right to request a summary of their rights under the FCRA at the same time as

<sup>1</sup> the disclosure explaining that an investigative consumer report may be made. Pursuant to that

<sup>2</sup> policy and practice, Defendants procured investigative consumer reports or caused investigative

<sup>3</sup> consumer reports to be procured for Plaintiff and class members, as described above, without

<sup>4</sup> informing class members of their rights to request a written summary of their rights under the

<sup>5</sup> FCRA.

<sup>6</sup>      39.    Accordingly, Defendants willfully violated and continue to violate the FCRA

<sup>7</sup> including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is

<sup>8</sup> reflected by, among other things, the facts set forth above.

<sup>9</sup>      40.    As a result of Defendants' illegal procurement of credit and background reports

<sup>10</sup> by way of their inadequate disclosures, as set forth above, Plaintiff and class members have

<sup>11</sup> been injured including, but not limited to, having their privacy and statutory rights invaded in

<sup>12</sup> violation of the FCRA.

<sup>13</sup>      41.    Plaintiff, on behalf of himself and all class members, seeks all available remedies

<sup>14</sup> pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

<sup>15</sup> damages, injunctive and equitable relief and attorneys' fees and costs.

<sup>16</sup>      42.    In the alternative to Plaintiff's allegation that these violations were willful,

<sup>17</sup> Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

<sup>18</sup> under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

<sup>19</sup>                                **SECOND CAUSE OF ACTION**

<sup>20</sup> **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA**

<sup>21</sup>                         **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

<sup>22</sup>              **(By Plaintiff and the FCRA Class against all Defendants)**

<sup>23</sup>      43.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

<sup>24</sup>      44.    Section 1681d provides:

<sup>25</sup>              (a) Disclosure of fact of preparation
                 A person may not procure or cause to be prepared an investigative consumer
<sup>26</sup>      report on any consumer unless—
                 (1) it is *clearly and accurately disclosed* to the consumer that an
<sup>27</sup>      investigative consumer report including information as to his character, general
                 reputation, personal characteristics, and mode of living, whichever are applicable,
<sup>28</sup>      may be made, and such disclosure;

           (2) is *made in a writing mailed, or otherwise delivered*, to the

*Ortiz v. Genco 1, Inc.*                                                              Class Action Complaint

consumer, not later than three days after the date on which the report was first requested, and

(3) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides:
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

45.    As alleged previously, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

46.    Moreover, even if Defendant's disclosures are deemed to satisfy Section 101(c)(1), Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

47.    Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required

The Commission shall prepare a *model summary of the rights* of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—
(1)    the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;
(2)    the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;
(3)    the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;
(4)    *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

---

*Ortiz v. Genco 1, Inc.*                                                    Class Action Complaint

(5)      the *method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)      the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

48.     Defendant did not comply with 1681g(c)(B)(1) because the disclosure did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

49.     Defendant did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

50.     Defendant did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

51.     Defendant did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

52.     Defendant did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

53.     Defendant did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

## THIRD CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

*Ortiz v. Genco 1, Inc.*                                                                            Class Action Complaint

**(By Plaintiff and the ICRAA Class against all Defendants)**

54.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

55.    Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

56.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

57.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character,
>
> general reputation, personal characteristics, or mode of living is obtained
>
> through any means.

58.    Thus a background checks qualifies as an investigative consumer report under the ICRAA

59.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:
>
> (i) An investigative consumer report may be obtained.
>
> (ii) The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.
>
> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.
>
> (vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.
>
> (C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

---

*Ortiz v. Genco 1, Inc.*                                                                                    Class Action Complaint

60.    As alleged above, because Defendant's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

61.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

62.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

63.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

64.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

65.    By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

66.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

67.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)     Defendants are large corporations with access to legal advice;

(f)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

68.     As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

69.     Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

70.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

## (Cal. Civ. Code § 1785 *et seq.*)

*Ortiz v. Genco 1, Inc.*                                                                        Class Action Complaint

**(By Plaintiff and the CCRAA Class against all Defendants)**

71.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

73.    Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

74.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …(2) employment purposes…

Thus a credit report qualifies as a consumer credit report under the CCRAA.

75.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report…*

(Emphasis added.)

76.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

77.    The Reference Release Form and the Driving Record Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

78.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be

procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

79.    Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)    Defendants are large corporations with access to legal advice;

(i)    Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)    The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

80.    As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

81.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

82.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and FCRA, ICRAA and CCRAA Class)

83.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

84.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

85.    Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

86.    Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

87.    Plaintiff and the UCL Class re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

88.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

89.    Defendants have, or may have, acquired money by means of unfair competition.

90.    Defendants have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

**Relief Sought**

91.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.* Business and Professions Code section 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or

property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on

his own behalf and on behalf of other similarly situated persons in a class action proceeding.

92.     Plaintiff is informed and believes that other similarly situated persons

have been subject to the same unlawful policies or practices of Defendants.

93.     Due to its unfair and unlawful business practices in violation of Federal and

California laws as alleged herein, Defendants have gained a competitive advantage over other

comparable companies doing business in the State of California that comply with their legal

obligations.

94.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

himself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory

relief and restitution of all monies rightfully belonging to them that Defendants did not pay

them or otherwise retained by means of its unlawful and unfair business practices.

95.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

doctrine and/or the common fund doctrine, Plaintiff and the other members of the **FCRA,**

**ICRAA and CCRAA Class** are entitled to recover reasonable attorneys' fees in connection

with their unfair competition claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

relief and judgment against Defendants as follows:

    A.  An order that the action be certified as a class action;

    B.  An order that Plaintiff be appointed class representative;

    C.  An order that counsel for Plaintiff be appointed class counsel;

    D.  Statutory penalties;

    E.  Civil penalties;

    F.  Punitive damages;

    G.  Injunctive relief;

    H.  Costs of suit;

    I.   Interest;

*Ortiz v. Genco 1, Inc.*                                                    Class Action Complaint

1          J.   Restitution;

2          K.   Reasonable attorneys' fees; and

3          L.   Such other relief as the Court deems just and proper.

4                          **DEMAND FOR JURY TRIAL**

5          Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury

6     trial on all issues so triable.

7

8     Dated: May 19, 2017                    SETAREH LAW GROUP



SHAUN SETAREH
Attorney for Plaintiff,
ADAN ORTIZ

---

*Ortiz v. Genco 1, Inc.*                                    Class Action Complaint

# EXHIBIT B

COPY

by Fax

1  CAROTHERS DISANTE & FREUDENBERGER LLP
      Jeremy T. Naftel, State Bar No. 185215
2     jnaftel@cdflaborlaw.com
      Nicole A. Legrottaglie, State Bar No. 271416
3     nlegrottaglie@cdflaborlaw.com
      Teresa W. Ghali, State Bar No. 252961
4     tghali@cdflaborlaw.com
   900 University Avenue, Suite 200
5  Sacramento, California 95825
   Telephone:  (916) 361-0991
6  Facsimile:  (916) 570-1958

7  Attorneys for Defendant
   FEDEX SUPPLY CHAIN, INC., erroneously sued as
8  GENCO I, INC.

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2017

CLERK OF THE SUPERIOR COURT
By_____MARISOL DIAZ_____
                    Deputy

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                     **COUNTY OF ALAMEDA**

11

12  ADAN ORTIZ, on behalf of himself, all others   )   Case No. RG17861054
    similarly situated,                            )
13                                                 )   **DEFENDANT FEDEX SUPPLY CHAIN,**
                                                   )   **INC.'S ANSWER TO PLAINTIFF'S**
14               Plaintiff,                        )   **CLASS ACTION COMPLAINT**
           vs.                                     )
15                                                 )   Action Filed:   May 19, 2017
    GENCO I, INC. a Delaware corporation and ;     )
16  and DOES 1 to 100, inclusive,                  )
                                                   )
17               Defendants.                       )
    _____        )

18

19

20

21

22

23

24

25

26

27

28

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1224112.1

DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1    Defendant FedEx Supply Chain, Inc., erroneously sued as GENCO I, INC. ("Defendant")

2    answers the Class Action Complaint of Plaintiff Adan Ortiz ("Plaintiff") as follows:

3    **GENERAL DENIAL**

4    Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure,

5    Defendant generally denies each and every allegation of the Class Action Complaint herein and

6    specifically denies that Defendant has damaged Plaintiff in any manner, amount or sum

7    whatsoever.

8    Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of

9    any conduct, action, error or omission on the part of Defendant or any agent, employee or any other

10   person acting under the Company's authority or control.

11   **AFFIRMATIVE DEFENSES**

12   Defendant has not completed its investigation of the facts of this case, has not completed

13   discovery in this matter, and has not completed its preparation for trial. The affirmative defenses

14   asserted herein are based on Defendant's knowledge, information, and belief at this time, and

15   Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense

16   contained herein at any time.

17   As separate and distinct affirmative defenses to the Class Action Complaint and to each and

18   every one of Plaintiff's causes of action therein and without conceding that it bears the burden of

19   proof or persuasion as to any one of them, Defendant alleges as follows:

20   **FIRST AFFIRMATIVE DEFENSE**

21   **(Failure to State a Claim)**

22   The Class Action Complaint, and each cause of action therein, fails to state facts sufficient

23   to constitute causes of action against Defendant.

24   **SECOND AFFIRMATIVE DEFENSE**

25   **(Failure to Satisfy Requirements of a Class Action)**

26   Class and/or collective treatment is barred because there is no ascertainable class and no

27   well-defined community of interest among members of the purported class.

28   ///

1

DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1 **THIRD AFFIRMATIVE DEFENSE**

2 **(Failure of Predominance of Common Questions of Law or Fact)**

3     Class and/or collective treatment is barred because there are no predominant common

4 questions of law or fact between the proposed class representatives and members of the purported

5 class.

6 **FOURTH AFFIRMATIVE DEFENSE**

7 **(Failure of Proposed Class Representatives Having Claims Typical of the Class)**

8     Class and/or collective treatment is barred because the proposed class representatives do not

9 have claims typical of members of the purported class.

10 **FIFTH AFFIRMATIVE DEFENSE**

11 **(Failure to Qualify as Class Representatives)**

12     The causes of action alleged by Plaintiff and members of the purported class are barred, in

13 whole or in part, as a class or collective action because Plaintiff does not meet the requirements for

14 a class representative.

15 **SIXTH AFFIRMATIVE DEFENSE**

16 **(Class Action Not Superior Method of Adjudication)**

17     The causes of action alleged by Plaintiff and members of the purported class are barred, in

18 whole or in part, as a class or collective action, because a class or collective action is not the

19 superior method for adjudicating this dispute.

20 **SEVENTH AFFIRMATIVE DEFENSE**

21 **(Failure to Satisfy Elements of Representative Class)**

22     A representative claim is barred under California Business and Professions Code §§ 17200

23 *et seq.* and/or California Labor Code § 2699 *et seq.* because all current and former employees of

24 Defendant that are purportedly represented by Plaintiff are not similarly situated to each other or to

25 Plaintiff.

26 **EIGHTH AFFIRMATIVE DEFENSE**

27 **(Failure to Mitigate)**

28     If Defendant did subject Plaintiff and members of the purported class to any wrongful or

2

DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1224112.1

1 │ unlawful conduct, although such is not admitted hereby or herein, Plaintiff and members of the

2 │ purported class had a duty to mitigate any damages they may have suffered and failed to do so.

### NINTH AFFIRMATIVE DEFENSE

#### (Statues of Limitations)

5 │ The causes of action alleged by Plaintiff and members of the purported class are barred, in

6 │ whole or in part, by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

#### (Good Faith/Legitimate Business Reason)

9 │ The Class Action Complaint, and each cause of action contained therein, is barred, in whole

10 │ or in part, because Defendant had an honest, good-faith belief that all decisions, if any, affecting

11 │ Plaintiff and members of the purported class were made by Defendant solely for legitimate,

12 │ business-related reasons that were not arbitrary, capricious, or unlawful, and were reasonably based

13 │ upon the facts was Defendant understood them.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

16 │ Plaintiff lacks standing to maintain the claims alleged in the Class Action Complaint, either

17 │ on his own behalf or in a purported class or representative capacity.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Satisfaction and Release)

20 │ Plaintiff and/or members of the putative class' claims are barred in whole or in part by the

21 │ doctrine of satisfaction and release.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Mistake)

24 │ Plaintiff's and/or the putative class members' claims are barred in whole or part to the

25 │ extent that Defendant's conduct was based upon a mistake of fact or law.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Violation of Defendant's Constitutional Rights)

28 │ Any award of relief as sought by Plaintiff and members of the purported class would violate

3

DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1224112.1

1 | the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the

2 | United States Constitution, as well as the Constitution of the State of California.

3 | **FIFTEENTH AFFIRMATIVE DEFENSE**

4 | **(No Violation of Underlying State or Federal Law)**

5 | Defendant is not liable for violation of unlawful business practices under California

6 | Business and Professions Code §§ 17200 et seq. because it is not liable to Plaintiff or members of

7 | the purported class for any alleged violation of any underlying state or federal laws.

8 | **SIXTEENTH AFFIRMATIVE DEFENSE**

9 | **(Benefits of Business Practice)**

10 | Defendant is not liable for violation of California Business and Professions Code §§ 17200

11 | et seq. because the benefits of Defendant's practices to Plaintiff and members of the purported class

12 | outweigh whatever particular harm or impact the practices allegedly caused them.

13 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

14 | **(No Unfair, Misleading or Deceptive Business Practices)**

15 | Defendant is not liable for violation of California Business and Professions Code §§ 17200

16 | et seq. because its business practices were not unfair, not deceptive, and not likely to mislead

17 | anyone.

18 | **EIGHTEENTH AFFIRMATIVE DEFENSE**

19 | **(Adequate Remedy at Law)**

20 | The relief requested by Plaintiff and members of the purported class under California

21 | Business and Professions Code §§ 17200 et seq. and/or any other equitable relief should be denied

22 | because Plaintiff and members of the purported class have an adequate remedy at law.

23 | **NINTEENTH AFFIRMATIVE DEFENSE**

24 | **(No Willfulness/Good Faith)**

25 | Defendant acted in good faith and had reasonable grounds for believing that its actions were

26 | in compliance with all California and federal laws.

27 | ///

28 | ///

DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1224112.1

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

#### (Justification/Privilege)

3       Defendant's conduct did not violate any express statutory objective and was justified and/or

4   privileged.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6

#### (No Knowledge, Authorization, or Ratification)

7       Defendant is not liable for Plaintiff's alleged damages because if any person engaged in

8   intentional, willful, or unlawful conduct as alleged in the Class Action Complaint, he or she did so

9   without the knowledge, authorization, or ratification of Defendant.

10

### TWENTY-SECOND AFFIRMATIVE DEFENSE

11

#### (No Entitlement to Injunctive Relief)

12       Plaintiff and members of the purported class are precluded from obtaining injunctive relief,

13   either in whole or in part, because they have not and cannot allege or prove that irreparable harm

14   will result if injunctive relief is denied, and Plaintiff has an adequate remedy at law.

15

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16

#### (Laches)

17       Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the

18   doctrine of laches.

19

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

20

#### (Waiver, Estoppel, and/or Consent)

21       Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the

22   doctrines of waiver, estoppel, and/or consent.

23

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24

#### (Unclean Hands)

25       Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the

26   doctrine of unclean hands.

27   ///

28   ///

5       DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
        ANSWER TO PLAINTIFF'S CLASS ACTION
        COMPLAINT

1224112.1

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Offset)

3          If it is determined that Defendant owes monetary damages to Plaintiff or the proposed class

4   members, Defendant is entitled to an offset to the extent Plaintiff or the proposed class members

5   owe money to Defendant and/or Plaintiff or proposed class members have already been

6   compensated for amounts sought.

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

### (Claims for Penalties Barred)

9          Plaintiff and the proposed class members are precluded from recovering penalties, in whole

10   or in part, from Defendant, by the due process clause of the Fourteenth Amendment to the

11   Constitution of United States pursuant to the doctrine articulated in *State Farm Mutual Automobile*

12   *Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

13

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

14

### (FCRA Compliance)

15          Defendant provided all required notices and in all instances complied with its obligations

16   under the Fair Credit Reporting Act, to the extent any such obligations ever arose.

17

## TWENTY-NINTH AFFIRMATIVE DEFENSE

18

### (ICRAA Compliance)

19          Defendant provided all required notices and in all instances complied with its obligations

20   under the Investigative Consumer Reporting Agencies Act, to the extent any such obligations ever

21   arose.

22

## THIRTIETH AFFIRMATIVE DEFENSE

23

### (CCRAA Compliance)

24          Defendant provided all required notices and in all instances complied with their obligations

25   under the Consumer Credit Reporting Agencies Act, to the extent any such obligations ever arose.

26

## THIRTY-FIRST AFFIRMATIVE DEFENSE

27

### (Preemption)

28          Plaintiff's state law claims are preempted by the FCRA.

6          DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

2

**(No Pre-Judgment Interest)**

3

Pre-judgment interest may not be granted because the damages claimed by Plaintiff

4

are not sufficiently certain to allow an award of pre-judgment interest.

5

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

6

**(Unjust enrichment)**

7

Any recovery by Plaintiff and/or the putative class members would result in unjust

8

enrichment.

9

WHEREFORE, Defendant prays for judgment as follows:

10

1.      That Plaintiff's Class Action Complaint be dismissed in its entirety;

11

2.      That Plaintiff take nothing by reason of the Class Action Complaint;

12

3.      That Defendant be awarded its costs of suit and reasonable attorneys' fees to

13

the extent provided by law; and

14

4.      For such other and further relief as the Court may deem just and proper.

15

16

Dated:  June 23, 2017                    CAROTHERS DISANTE & FREUDENBERGER LLP

17

18

By: _____

19

Nicole A. Legrottaglie

Attorneys for Defendant

20

FEDEX SUPPLY CHAIN, INC., erroneously sued as

GENCO I, INC.

21

22

23

24

25

26

27

28

7        DEFENDANT FEDEX SUPPLY CHAIN, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT

1224112.1

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 University Avenue, Suite 200, Sacramento, California 95825. On June 23, 2017, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT FEDEX SUPPLY CHAIN, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

Shaun Setareh
Thomas Segal
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212

E-MAIL: shaun@setarehlaw.com
        thomas@setarehlaw.com

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 23, 2017, at Sacramento, California.

| Marie M. Coleman | |
| --- | --- |
| (Type or print name) | (Signature) |

# EXHIBIT C

Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
Farrah Grant (SBN 293898)
    Farrah@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
ADAN ORTIZ

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA
### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| ADAN ORTIZ, on behalf of himself, all others similarly situated,<br><br>      *Plaintiff,*<br><br>   vs.<br><br>GENCO 1, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>      *Defendants.* | Case No.: RG17861054<br><br>**NOTICE OF COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE**<br><br>Complex Determination Hearing<br>Date: July 25, 2017<br>Time: 3:00 p.m.<br>Loc.: Department 30<br><br>Case Management Conference<br>Date: August 25, 2017<br>Time: 9:16 a.m.<br>Loc.: Department 30 |

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

Please take notice that the Court has set the following hearing dates in the above-stated case:

1. Complex Determination Hearing scheduled for July 25, 2017 at 3:00 p.m. in Department 30 of the Alameda Superior Court located at U.S. Post Office Building, Second Floor, 201 13th Street, Oakland, California 94612.

2. Case Management Conference scheduled for August 25, 2017 at 9:16 a.m. in Department 30 of the Alameda Superior Court located at U.S. Post Office Building, Second Floor, 201 13th Street, Oakland, California 94612.

Attached hereto as "Exhibit A" is a true and correct copy of the court notice.

DATED: June 8, 2017                    SETAREH LAW GROUP

                                        BY _____
                                            SHAUN SETAREH
                                            THOMAS SEGAL
                                            FARRAH GRANT
                                            Attorneys for Plaintiff,
                                            ADAN ORTIZ

1

*Adan Ortiz v. Genco 1, Inc.*                    Notice of Complex Determination Hearing and Case
                                                                Management Conference

```
┌  SETAREH LAW GROUP              ┐     ┌  Genco I, Inc., a Delaware corporation   ┐
   Attn: Setareh, Shaun
   9454 Wilshire Blvd.
   Suite 907
└  Beverly Hills, CA   90212____  ┘     └                                         ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Ortiz <br>              Plaintiff/Petitioner(s) <br>        VS. <br><br> Genco I, Inc., a Delaware corporation <br>              Defendant/Respondent(s) <br>     (Abbreviated Title) | No. <u>RG17861054</u> <br><br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

         Complex Determination Hearing
         Case Management Conference

    You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/25/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION:   U.S. Post Office Building, Second Floor
               201 13th Street, Oakland

Case Management Conference:
DATE: 08/25/2017    TIME: 09:16 AM    DEPARTMENT: 30
LOCATION:   U.S. Post Office Building, Second Floor
               201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/25/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                     By    _J. Ayamu._
                                                              Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/26/2017.

                                     By    _J. Ayamu._
                                                              Deputy Clerk

1

## PROOF OF SERVICE

2

3        I am a citizen of the United States and am employed in the County of Los Angeles, State
of California. I am over the age of 18 and not a party to the within action. My business address
4        is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

5        On June 9, 2017, I served the foregoing documents described as:

6    **NOTICE OF COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT
CONFERENCE**

7

8        in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as
follows:

9

Jeremy T. Naftel
10   CAROTHERS DISANTE &
FREUDENBERGER LLP
11   900 University Avenue, Suite 200
12   Sacramento, CA 95825
Email: jnaftel@cdflaborlaw.com
13   **Counsel for defendant Genco I, Inc.**

14

15   **[X]     BY MAIL**

16        I am readily familiar with the practice of Setareh Law Group for the collection and
processing of correspondence for mailing with the United States Postal Service. It is the
17   practice that correspondence is deposited with United States Postal Service the same day it is
submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am
18   aware that on motion of the party served, service is presumed invalid if postal cancellation date
19   or postage meter date is more than one day after date of deposit for mailing in affidavit.

20   **[X]     BY E-MAIL OR ELECTRONIC TRANSMISSION**

21        Based on a Court order or on an agreement by the parties to accept service by e-mail or
22   electronic transmission, I caused the document(s) described above to be sent to the person(s)
listed at the address listed above. I did not receive, within a reasonable time after the
23   transmission, any electronic message or other indication that the transmission was unsuccessful.

24

25   **[ ]     BY FEDERAL EXPRESS**

26        I am readily familiar with the practice of Setareh Law Group for the collection and
27   processing of correspondence for deposit with Federal Express. It is the practice that
correspondence is deposited with Federal Express the same day it is submitted for mailing with
28   fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party

served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]     BY FACSIMILE MACHINE**

I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]     PERSONAL SERVICE**

I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]     BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]     STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]     FEDERAL** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 9, 2017, at Beverly Hills, California.

_____
IVAN GONZALEZ